# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JARED ANDREW MARTIN,<br><br>   Petitioner,<br><br>   v.<br><br>CHRISTIAN PFEIFFER,<br><br>   Respondent. | Case No. 1:21-cv-01622-SAB-HC<br><br>ORDER GRANTING PETITIONER LEAVE TO AMEND<br><br>ORDER DIRECTING CLERK OF COURT TO SEND PETITIONER BLANK § 2254 FORM |

Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## I.

## DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases ("Habeas Rules") require preliminary review of a habeas petition and allow a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

**A. Habeas Jurisdiction**

A claim falls within the "core of habeas corpus" when a prisoner challenges "the fact or duration of his confinement" and "seeks either immediate release from that confinement or the

1

shortening of its duration." Preiser v. Rodriguez, 411 U.S. 475, 489 (1973). The Ninth Circuit has adopted a rule that a "state prisoner's claim [that] does not lie at 'the core of habeas corpus' . . . must be brought, 'if at all,' under § 1983." Nettles v. Grounds, 830 F.3d 922, 934 (9th Cir. 2016) (en banc) (quoting Preiser, 411 U.S. at 487; Skinner v. Switzer, 562 U.S. 521, 535 n.13 (2011)). Therefore, if "success on [Petitioner]'s claims would not necessarily lead to his immediate or earlier release from confinement, [Petitioner]'s claim does not fall within 'the core of habeas corpus,' and he must instead bring his claim under § 1983." Nettles, 830 F.3d at 935 (quoting Skinner, 562 U.S. at 535 n.13).

In Ground One of the petition, Petitioner asserts misconduct and corruption in the California Department of Correction and Rehabilitation, alleging that he has been starved, beaten, abused, harassed, threatened by correctional officers, written up for violations he had not committed, and given referrals to the district attorney's office based on lies and perjury. (ECF No. 1 at 5).[1] In Ground Two, Petitioner asserts medical malpractice, misdiagnosis, and improper medical treatment. (Id.). In Ground Three, Petitioner asserts deliberate indifference, unnecessary infliction of pain, and denial of pain management. (Id. at 6). In Ground Four, Petitioner asserts claims regarding excessive force and false rules violation reports that resulted in the loss of good time credits. (Id.). In Ground Five, Petitioner alleges that correctional officers have beaten him, attempted to kill him, and tried to cover it up. (Id.). In Ground Six, Petitioner asserts a use of force claim. (Id. at 7). In Ground Seven, Petitioner alleges that prison officials tampered with his confidential legal mail. (Id. at 8). In Ground Eight, Petitioner asserts cruel and unusual punishment and discrimination. (Id.).

The Ninth Circuit has "long held that prisoners may not challenge mere conditions of confinement in habeas corpus." Nettles, 830 F.3d at 933 (citing Crawford v. Bell, 599 F.2d 890, 891–92 (9th Cir. 1979)). Apart from the challenge to rules violation reports that resulted in the loss of good time credits, which is addressed in section I(B), *infra*, Petitioner's claims challenge his conditions of confinement and thus are not cognizable in federal habeas corpus.

///

---

[1] Page numbers refer to ECF page numbers stamped at the top of the page.

**B.  Rule 2 of the Rules Governing Section 2254 Cases**

Habeas Rule 2(c) provides that a petition must "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground." Habeas Rule 2(c)(1)–(2). "A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to 'show cause why the writ should not be granted.'" Mayle v. Felix, 545 U.S. 644, 656 (2005) (quoting 28 U.S.C. § 2243).

Here, other than conclusory statements, Petitioner has not provided any supporting factual allegations regarding his challenge to rules violation reports that resulted in the loss of good time credits, his sole claim that is potentially cognizable in federal habeas corpus. "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974). With respect to prison disciplinary proceedings, the minimum procedural requirements that must be met are: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. Id. at 563–71. As long as the five minimum Wolff requirements are met, due process has been satisfied. Walker v. Sumner, 14 F.3d 1415, 1420 (9th Cir. 1994), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995). In addition, "some evidence" must support the decision of the hearing officer, Superintendent v. Hill, 472 U.S. 445, 455 (1985), and the evidence must have some indicia of reliability, Cato v. Rushen, 824 F.2d 703, 705 (9th Cir. 1987). The "some evidence" standard is not particularly stringent, and the relevant inquiry is whether "there is any evidence in the record that could support the conclusion reached." Hill, 472 U.S. at 455–56.

As the petition fails to state a cognizable claim for federal habeas relief, it should be dismissed. However, a petition for habeas corpus should not be dismissed without leave to

amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. <u>Jarvis v. Nelson</u>, 440 F.2d 13, 14 (9th Cir. 1971). Therefore, the Court will grant Petitioner an opportunity to file an amended petition.

## II.
## ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner is GRANTED leave to file a first amended petition within **THIRTY (30) days** of the date of service of this order; and

2. The Clerk of Court is DIRECTED to send Petitioner a blank § 2254 habeas form.

Petitioner is forewarned that failure to follow this order may result in a recommendation for dismissal of the petition for the reasons stated above and pursuant to Federal Rule of Civil Procedure 41(b) (a petitioner's failure to prosecute or to comply with a court order may result in a dismissal of the action).

IT IS SO ORDERED.

Dated:  **November 17, 2021**

UNITED STATES MAGISTRATE JUDGE