# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JARED ANDREW MARTIN,<br><br>Petitioner,<br><br>v.<br><br>CHRISTIAN PFEIFFER,<br><br>Respondent. | Case No. 1:21-cv-01622-NONE-SAB-HC<br><br>ORDER DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL AND PRIVATE INVESTIGATOR<br><br>(ECF No. 13) |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner has moved for appointment of counsel and a private investigator. (ECF No. 13). There currently exists no absolute right to appointment of counsel in habeas proceedings. See, e.g., Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986); Anderson v. Heinze, 258 F.2d 479, 481 (9th Cir. 1958). However, the Criminal Justice Act authorizes the appointment of counsel at any stage of the proceeding for financially eligible persons if "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). To determine whether to appoint counsel, the "court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).

Petitioner argues that counsel, a private investigator, and a legal runner should be appointed because he is being denied access to the law library, does not have adequate

knowledge of the law, and has not been allowed to contact witnesses who witnessed Petitioner being assaulted. The Court has not authorized discovery or expansion of the record in this matter,[1] and upon review of the petition, the Court finds that Petitioner appears to have a sufficient grasp of his claims and the legal issues involved and that he is able to articulate those claims adequately. The legal issues involved are not extremely complex, and Petitioner does not demonstrate a likelihood of success on the merits such that the interests of justice require the appointment of counsel at the present time.

If, upon review of Respondent's response to the petition, the Court finds that the legal issues are more complex than they appear currently, the Court may revisit Petitioner's request for counsel.[2]

Accordingly, IT IS HEREBY ORDERED that Petitioner's motion for appointment of counsel (ECF No. 13) is DENIED without prejudice.

IT IS SO ORDERED.

Dated: __January 7, 2022__

UNITED STATES MAGISTRATE JUDGE

---

[1] See Rule 6(a) of the Rules Governing Section 2254 Cases (stating that leave of court is required for a party to conduct discovery); Rule 7(a) (stating that the judge may direct the parties to expand the record).

[2] Additionally, Petitioner may file a motion for appropriate relief if Petitioner continues to be denied access to the law library such that he is unable to litigate this action. The Court notes, however, that at this point in the proceeding Petitioner has no pending deadlines.