1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JARED ANDREW MARTIN,<br><br>Petitioner,<br><br>v.<br><br>CHRISTIAN PFEIFFER,<br><br>Respondent. | Case No. 1:21-cv-01622-JLT-SAB-HC<br><br>ORDER DENYING PETITIONER'S MOTION TO DISQUALIFY<br><br>(ECF No. 18) |

Petitioner is a state prisoner proceeding pro se in a habeas corpus action pursuant to 28 U.S.C. § 2254.

On January 26, 2022, Petitioner filed a motion to disqualify the undersigned. (ECF No. 18). A judge is required to disqualify himself if his impartiality might reasonably be questioned. 28 U.S.C. § 455(a). A judge shall also disqualify himself if he has "personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1). The decision regarding disqualification is made by the judge whose impartiality is at issue. Bernard v. Coyne, 31 F.3d 842, 843 (9th Cir. 1994). Opinions formed during the course of judicial proceedings "almost never constitute a valid basis for a bias or partiality motion" and can only do so "in the rarest circumstances" where the opinions reveal "such a high degree of favoritism or antagonism as to make fair judgment impossible." Liteky v. United States, 510 U.S. 540, 555–56 (1994). "The test is 'whether a reasonable person with knowledge of all the facts would conclude that the

judge's impartiality might reasonably be questioned." <u>United States v. Wilkerson</u>, 208 F.3d 794, 797 (9th Cir. 2000) (quoting <u>United States v. Hernandez</u>, 109 F.3d 1450, 1453 (9th Cir.1997)). "Frivolous and improperly based suggestions that a judge recuse should be firmly declined." <u>Maier v. Orr</u>, 758 F.2d 1578, 1583 (9th Cir. 1985) (citations omitted).

Here, the grounds for Petitioner's motion for disqualification are the undersigned's decisions in this matter denying appointment of counsel and a private investigator because discovery had not been authorized and Petitioner had not demonstrated a likelihood of success such that the interests of justice required appointment of counsel at that time. Petitioner contends that the undersigned "sides with the prisons even when the prisons are in the wrong" and "should be removed for bias and prejudice." (ECF No. 18 at 1).

The undersigned is not concerned with his ability to remain impartial and has no personal knowledge of the disputed evidentiary facts concerning the proceeding. There is no evidence of any impropriety in the record and the undersigned's orders denying appointment of counsel without prejudice do not even suggest such a high degree of favoritism or antagonism that might warrant recusal. <u>See</u> <u>Liteky</u>, 510 U.S. at 555–56. Therefore, the undersigned will not recuse himself.

Accordingly, IT IS HEREBY ORDERED that Petitioner's motion to disqualify (ECF No. 18) is DENIED.

IT IS SO ORDERED.

Dated:   **January 28, 2022**

UNITED STATES MAGISTRATE JUDGE