# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JARED ANDREW MARTIN,<br><br>Petitioner,<br><br>v.<br><br>CHRISTIAN PFEIFFER,<br><br>Respondent. | Case No. 1:21-cv-01622-DAD-SAB-HC<br><br>ORDER DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL<br><br>(ECF No. 24) |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner has moved for appointment of counsel. (ECF No. 13). There currently exists no absolute right to appointment of counsel in habeas proceedings. See, e.g., Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986); Anderson v. Heinze, 258 F.2d 479, 481 (9th Cir. 1958). However, the Criminal Justice Act authorizes the appointment of counsel at any stage of the proceeding for financially eligible persons if "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). To determine whether to appoint counsel, the "court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).

Petitioner argues that counsel should be appointed due to the complexity of the case and because Petitioner does not have meaningful access to resources to litigate the matter. The Court

finds that Petitioner appears to have a sufficient grasp of his claims and the legal issues involved and that he is able to articulate those claims adequately. The legal issues involved are not extremely complex, and Petitioner does not demonstrate a likelihood of success on the merits such that the interests of justice require the appointment of counsel at the present time.

Accordingly, IT IS HEREBY ORDERED that Petitioner's motion for appointment of counsel (ECF No. 24) is DENIED.

IT IS SO ORDERED.

Dated:   **March 4, 2022**

UNITED STATES MAGISTRATE JUDGE