# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JARED ANDREW MARTIN,<br><br>Petitioner,<br><br>v.<br><br>CHRISTIAN PFEIFFER,<br><br>Respondent. | Case No. 1:21-cv-0622-DAD-SAB-HC<br><br>FINDINGS AND RECOMMENDATION TO DENY RESPONDENT'S MOTION TO DISMISS AND FOR A MORE DEFINITE STATEMENT<br><br>ORDER DENYING PETITIONER'S REQUEST FOR EXTENSION AS MOOT<br><br>(ECF Nos. 21, 23) |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**I.**

**BACKGROUND**

On November 5, 2021, Petitioner filed a petition for writ of habeas corpus asserting various conditions of confinement claims and challenging rules violations reports that resulted in the loss of good time credits. (ECF No. 1). On November 17, 2021, the Court granted Petitioner leave to file an amended petition. (ECF No. 5). On November 29, 2021, Petitioner filed a first amended petition ("FAP") alleging that on April 17 and May 6, 2020, correctional officers beat Petitioner and falsely accused him of attacking them, which resulted in credit loss. Petitioner further alleges that he was denied due process and not treated fairly, witnesses to the May 6, 2020 incident were not allowed to speak on his behalf, and no one told him about the hearing process. (ECF No. 8).

1

1    Respondent now moves to dismiss the petition because the allegations are too vague and
2 conclusory to state a claim. Alternatively, Respondent moves for a more definite statement
3 pursuant to Federal Rule of Civil Procedure 12(e). (ECF No. 21). On February 22, 2022,
4 Petitioner lodged a second amended petition, and on February 24, 2022, Petitioner filed an
5 opposition. (ECF Nos. 22, 23). On March 3, 2022, Respondent filed a reply. (ECF No. 25).

**II.**

**DISCUSSION**

**A. Motion to Dismiss**

Respondent moves to dismiss the petition because Petitioner's allegations fail to state a claim for relief. (ECF No. 21 at 2).[1] "Respondent can guess that Petitioner lost credits in connection with a disciplinary proceeding for battery on a peace officer, and that is the basis of his claim," but argues that Petitioner "fails to give specific facts that would permit Respondent to address the claims. And Respondent should not have to guess or fill in gaps as to what Petitioner' claims may be." (Id. at 3).

Here, the FAP alleges in pertinent part:

> On April 17 and May 6 of 2020 correctional officers beat me up and lied and said I attacked them, which resulted in credit loss for battery on a peace officer. It was false charges to cover up the beating from CDCR staff. Prison staff did not treat me fair. It was all lies and fraud. Witnesses to the May 6, 2020 beating were not allowed to speak on my behalf. No one told me about the hearing process. I had no due process.

(ECF No. 1 at 4).

Rule 2 of the Rules Governing Section 2254 Cases ("Habeas Rules") provides in pertinent part that a petition must "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground." Rule 2(c), Rules Governing Section 2254 Cases in the United States District Courts. Yet "there is no requirement that a habeas petitioner enumerate in his petition every fact which supports a ground for relief." Lloyd v. Van Natta, 296 F.3d 630, 633 (7th Cir. 2002). Additionally, the Court is cognizant of "our well-established obligation to construe pro se filings liberally." United States v. Qazi, 975 F.3d 989, 991 (9th Cir. 2020).

---

[1] Page numbers refer to ECF page numbers stamped at the top of the page.

The Court previously reviewed the FAP in accordance with Habeas Rule 4, found it was not clear from the face of the FAP whether Petitioner is entitled to relief, and ordered Respondent to file a response. (ECF No. 9). The Court again has reviewed the FAP and concludes that it sufficiently apprises Respondent of the basis of Petitioner's claims to permit Respondent to file an intelligent response to the petition. The FAP provides the dates of the alleged assaults, asserts that Petitioner "had no due process," and alleges false charges, credit loss, failure to allow witnesses to speak on Petitioner's behalf, and that no one told Petitioner about the hearing process. (ECF No. 1 at 4). See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." (internal quotation marks and citations omitted)). Additionally, it is the Court's understanding that Respondent can gain access to the record of administrative proceedings that may have been undertaken regarding the April 17 and May 6, 2020 incidents at issue in the FAP. Accordingly, the Court recommends that the motion to dismiss be denied.

**B. Motion for More Definite Statement**

In the alternative, Respondent moves for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e), which permits such a motion when the pleading at issue "is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). "The purpose of Rule 12(e) is to provide relief from a pleading that is unintelligible, not one that is merely lacking detail." U.S. E.E.O.C. v. Alia Corp., 842 F. Supp. 2d 1243, 1250 (E.D. Cal. 2012) (citing Neveu v. City of Fresno, 392 F. Supp. 2d 1159, 1169 (E.D. Cal. 2005)). "Where the complaint is specific enough to appraise the responding party of the substance of the claim being asserted or where the detail sought is otherwise obtainable through discovery, a motion for a more definite statement should be denied." U.S. E.E.O.C., 842 F. Supp. 2d at 1250 (citing Famolare, Inc. v. Edison Bros. Stores, Inc., 525 F. Supp. 940, 949 (E.D. Cal. 1981)). "[M]otions pursuant to Rule 12(e) are generally 'viewed with disfavor and are rarely granted[.]'" U.S. E.E.O.C., 842 F. Supp. 2d at 1250 (quoting Sagan v. Apple Computer, Inc., 874 F. Supp. 1072, 1077 (C.D. Cal. 1994)).

Here, Respondent contends that the FAP is too ambiguous because Petitioner "does not identify the rules violation report, the disciplinary hearing, the disciplinary hearing results, dates that it took place, evidence presented at the hearing, what evidence he takes issue with, or whether he requested witnesses and they were denied. Martin's opposition does not address any of these issues." (ECF No. 25 at 2). However, the FAP provides the dates of the alleged assaults, asserts that Petitioner "had no due process," and alleges false charges, credit loss, failure to allow witnesses to speak on Petitioner's behalf, and that no one told Petitioner about the hearing process. (ECF No. 1 at 4). Respondent's quarrel with the FAP is that it lacks sufficiently detailed allegations, but the "purpose of Rule 12(e) is to provide relief from a pleading that is *unintelligible*, not one that is merely lacking detail." U.S. E.E.O.C., 842 F. Supp. 2d at 1250 (emphasis added). Accordingly, the Court recommends that the motion for more definite statement be denied.

### C. Second Amended Petition and Petitioner's Request for Extension

After the motion to dismiss was filed, Petitioner lodged a second amended petition ("SAP") "adding more information and facts to the original complaint." (ECF No. 22 at 6). Subsequently, in the opposition to the motion to dismiss, Petitioner also "requests extension of time for amended petition." (ECF No. 23 at 1). It is unclear to the Court whether Petitioner wishes to proceed with the FAP or the SAP, or whether Petitioner wishes to further amend his petition. In light of the Court's recommendation that Respondent's motion to dismiss and for more definite statement should be denied, the Court will deny Petitioner's request for extension as moot. If Petitioner wishes to proceed with the SAP, the Court will conduct a preliminary review of the SAP in due course. If Petitioner wishes to further amend his petition, Petitioner may file a motion to amend. See Fed. R. Civ. P. 15(a).

### III.

### RECOMMENDATION & ORDER

Based on the foregoing, the Court HEREBY RECOMMENDS that Respondent's motion to dismiss and motion for more definite statement (ECF No. 21) be DENIED.

///

Further, the Court HEREBY ORDERS that:

1. Petitioner's request for extension (ECF No. 23) is DENIED as moot; and
2. Within **THIRTY (30) days** of the date of service of this order, Petitioner is DIRECTED to notify the Court whether:
   a. Petitioner intends to proceed with the FAP;
   b. Petitioner intends to proceed with the SAP; or
   c. Petitioner intends to further amend his petition.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **FOURTEEN (14) days** after service of the Findings and Recommendation, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 5, 2022**

UNITED STATES MAGISTRATE JUDGE