# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JARED ANDREW MARTIN,<br><br>Petitioner,<br><br>v.<br><br>TYSON J. POGUE,<br><br>Respondent. | Case No. 1:21-cv-01622-DAD-SAB-HC<br><br>ORDER REGARDING MOTION FOR CLARIFICATION, VACATING FINDINGS AND RECOMMENDATION, AND DIRECTING CLERK OF COURT TO CORRECT DOCKET AND FILE SECOND AMENDED PETITION<br><br>(ECF Nos. 22, 28, 34)<br><br>FINDINGS AND RECOMMENDATION TO DENY RESPONDENT'S MOTION TO DISMISS AS MOOT<br><br>(ECF No. 21) |

Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## I.

## BACKGROUND

On November 5, 2021, Petitioner filed a petition for writ of habeas corpus asserting various conditions of confinement claims and challenging rules violations reports that resulted in the loss of good time credits. (ECF No. 1). At that time, Petitioner was incarcerated at Kern Valley State Prison ("KVSP") and named the warden of KVSP, Christian Pfeiffer ("Warden Pfeiffer"), as Respondent. (ECF No. 1 at 1).[1] On November 17, 2021, the Court granted

---

[1] Page numbers refer to ECF page numbers stamped at the top of the page.

1

Petitioner leave to file an amended petition. (ECF No. 5). On November 29, 2021, Petitioner filed a first amended petition ("FAP") alleging that on April 17 and May 6, 2020, correctional officers beat Petitioner and falsely accused him of attacking them, which resulted in credit loss. Petitioner alleged that he was denied due process and not treated fairly, witnesses to the May 6, 2020 incident were not allowed to speak on his behalf, and no one told him about the hearing process. (ECF No. 8).

On February 9, 2022, Warden Pfeiffer moved to dismiss the petition because the allegations were too vague and conclusory to state a claim, or alternatively, moved for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e). (ECF No. 21). On February 22, 2022, the Court received Petitioner's second amended petition ("SAP"), and on February 24, 2022, Petitioner filed an opposition to the motion to dismiss. (ECF Nos. 22, 23).

On May 5, 2022, the Court issued findings and recommendation to deny the motion to dismiss and motion for more definite statement. (ECF No. 28). As noted above, after the motion to dismiss was filed, Petitioner lodged the SAP, which "add[ed] more information and facts to the original complaint." (ECF No. 22 at 6). Additionally, in the opposition to the motion to dismiss, Petitioner also "request[ed] extension of time for amended petition." (ECF No. 23 at 1). As it was unclear whether Petitioner wished to proceed with the FAP, SAP, or to further amend his petition, the Court ordered Petitioner to notify the Court regarding how he intends to proceed. (ECF No. 28 at 4–5).

On May 10, 2022, Petitioner informed the Court that he had been transferred to Madera County Jail and requested that Madera County Sheriff Tyson J. Pogue be substituted as Respondent in this matter. (ECF Nos. 29, 31). On May 12, 2022, Petitioner informed the Court that he intends to proceed with the SAP. (ECF No. 32). On May 13, 2022, the Court ordered that Tyson J. Pogue be substituted as Respondent in this matter. (ECF No. 33). On May 19, 2022, counsel for Warden Pfeiffer filed a motion for clarification. (ECF No. 34).

///

///

///

**II.**

**DISCUSSION**

**A.  Second Amended Petition**

"The Civil Rule governing pleading amendments, Federal Rule of Civil Procedure 15, [is] made applicable to habeas proceedings by § 2242, Federal Rule of Civil Procedure 81(a)(2), and Habeas Corpus Rule 11[.]" Mayle v. Felix, 545 U.S. 644, 655 (2005). Rule 15(a)(1) provides that within twenty-one days after service of a responsive pleading or a motion to dismiss, a "party may amend its pleading once as a matter of course." Fed. R. Civ. P. 15(a)(1). Rule 15(a)(2) allows pleading amendments with "leave of court" at any time during a proceeding. Fed. R. Civ. P. 15(a)(2). "Rule 15 provides different ways to amend a complaint, and these ways are not mutually exclusive. Rule 15 is organized substantively, not chronologically. It does not prescribe any particular sequence for the exercise of its provisions." Ramirez v. Cnty. of San Bernardino, 806 F.3d 1002, 1007 (9th Cir. 2015). "That is, it does not mandate that the matter of course amendment under 15(a)(1) be exhausted before an amendment may be made under 15(a)(2), nor does it state that the ability to amend under 15(a)(1) is exhausted or waived once a 15(a)(2) amendment is made." Id.

Based on Ramirez, a petitioner may file a first amended petition with leave of court under Rule 15(a)(2) and "may thereafter utilize his one matter of course amendment under 15(a)(1), so long as he files it timely." 806 F.3d at 1007. Here, on November 17, 2021, the Court granted Petitioner leave to file a first amended petition pursuant to Rule 15(a)(2). (ECF No. 5). On February 17, 2022,[2] eight days after the motion to dismiss was filed on February 9, 2022, Petitioner submitted a timely second amended petition. (ECF No. 22). Accordingly, the SAP was timely filed and satisfies Rule 15(a)(1).

As Petitioner has indicated he wishes to proceed with the SAP, the Court will preliminarily review the SAP in due course. See Rule 4, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

---

[2] Pursuant to the mailbox rule, a pro se prisoner's habeas petition is filed "at the time . . .[it is] delivered . . . to the prison authorities for forwarding to the court clerk." Hernandez v. Spearman, 764 F.3d 1071, 1074 (9th Cir. 2014) (alteration in original) (internal quotation marks omitted) (quoting Houston v. Lack, 487 U.S. 266, 276 (1988)).

1    **B.  Motion for Clarification**

2         In the motion for clarification, counsel for Warden Pfeiffer states that the docket

3    incorrectly reflects that the Office of the Attorney General represents the Madera County Sheriff.

4    The Office of the Attorney General represents Warden Pfeiffer in this matter and requests that

5    the docket be corrected accordingly. (ECF No. 34 at 1). Counsel also requests clarification

6    regarding the impact of Petitioner's notification of proceeding with the SAP on the pending

7    findings and recommendation and related deadlines. (ECF No. 34 at 2).

8    > It is well-established in our circuit that an "amended complaint supersedes the
     > original, the latter being treated thereafter as non-existent." *Forsyth v. Humana,*
9    > *Inc.,* 114 F.3d 1467, 1474 (9th Cir.1997) (internal citation omitted), *overruled on*
     > *other grounds by Lacey,* 693 F.3d at 927–28; *see also Valadez–Lopez v. Chertoff,*
10   > 656 F.3d 851, 857 (9th Cir.2011). In other words, "the original pleading no longer
     > performs any function...." *Ferdik v. Bonzelet,* 963 F.2d 1258, 1262 (9th Cir.1992).
11   > Consequently, the Plaintiff's Second Amended Complaint superseded the First
     > Amended Complaint, and the First Amended Complaint ceased to exist. Because
12   > the Defendants' motion to dismiss targeted the Plaintiff's First Amended
     > Complaint, which was no longer in effect, we conclude that the motion to dismiss
13   > should have been deemed moot before the district court granted it.

14   Ramirez, 806 F.3d at 1008. As Warden Pfeiffer's motion to dismiss and for more definite

15   statement targeted the FAP, which was no longer in effect, the motion should be deemed moot.

16   Accordingly, the Court will vacate the findings and recommendation issued on May 5, 2022, and

17   will recommend that the motion to dismiss and for more definite statement be denied as moot.

18                                           **III.**

19                              **ORDER & RECOMMENDATION**

20        Based on the foregoing, the Court HEREBY ORDERS that:

21   1.  The findings and recommendation issued on May 5, 2022 (ECF No. 28) is VACATED;

22   2.  The motion for clarification (ECF No. 34) is TERMINATED; and

23   3.  The Clerk of Court is DIRECTED to:

24        a.  Correct the docket to reflect that the Office of the Attorney General represents

25            only Warden Pfeiffer in this matter and does not represent Madera County Sheriff

26            Tyson J. Pogue; and

27        b.  File the Second Amended Petition (ECF No. 22).

28   ///

1    Further, the Court HEREBY RECOMMENDS that Respondent's motion to dismiss and
2   motion for more definite statement (ECF No. 21) be DENIED as MOOT.

3    This Findings and Recommendation is submitted to the assigned United States District
4   Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local
5   Rules of Practice for the United States District Court, Eastern District of California. Within
6   **FOURTEEN (14) days** after service of the Findings and Recommendation, any party may file
7   written objections with the court and serve a copy on all parties. Such a document should be
8   captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the
9   objections shall be served and filed within fourteen (14) days after service of the objections. The
10  assigned United States District Court Judge will then review the Magistrate Judge's ruling
11  pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within
12  the specified time may waive the right to appeal the District Court's order. Wilkerson v.
13  Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th
14  Cir. 1991)).

IT IS SO ORDERED.

Dated:    **May 24, 2022**

UNITED STATES MAGISTRATE JUDGE

5