# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JARED ANDREW MARTIN,<br><br>Petitioner,<br><br>v.<br><br>TYSON J. POGUE,<br><br>Respondent. | Case No. 1:21-cv-01622-ADA-SAB-HC<br><br>ORDER TO SHOW CAUSE WHY SECOND AMENDED PETITION SHOULD NOT BE DISMISSED AS MOOT |

Petitioner is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**I.**

**BACKGROUND**

On November 5, 2021, Petitioner filed a petition for writ of habeas corpus asserting various conditions of confinement claims and challenging rules violations reports that resulted in the loss of good time credits. (ECF No. 1.) At that time, Petitioner was incarcerated at Kern Valley State Prison ("KVSP") and named the warden of KVSP, Christian Pfeiffer ("Warden Pfeiffer"), as Respondent. (ECF No. 1 at 1.)[1] On November 17, 2021, the Court granted Petitioner leave to file an amended petition. (ECF No. 5.) On November 29, 2021, Petitioner filed a first amended petition ("FAP") alleging that on April 17 and May 6, 2020, correctional officers beat Petitioner and falsely accused him of attacking them, which resulted in credit loss. Petitioner alleged that he was denied due process and not treated fairly, witnesses to the May 6,

---

[1] Page numbers refer to ECF page numbers stamped at the top of the page.

1

2020 incident were not allowed to speak on his behalf, and no one told him about the hearing process. (ECF No. 8.)

On February 9, 2022, Warden Pfeiffer moved to dismiss the FAP because the allegations were too vague and conclusory to state a claim, or alternatively, moved for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e). (ECF No. 21.) On February 22, 2022, the Court received Petitioner's second amended petition ("SAP"), and on February 24, 2022, Petitioner filed an opposition to the motion to dismiss. (ECF Nos. 22, 23.)

On May 5, 2022, the Court issued findings and recommendation to deny the motion to dismiss and motion for more definite statement. (ECF No. 28.) As it was unclear whether Petitioner wished to proceed with the FAP, SAP, or to further amend his petition, the Court ordered Petitioner to notify the Court regarding how he intended to proceed. (ECF No. 28 at 4–5.) On May 12, 2022, Petitioner informed the Court that he intends to proceed with the SAP. (ECF No. 32.) As the motion to dismiss and for more definite statement targeted the FAP, which was no longer in effect, the motion to dismiss was moot. Accordingly, the Court vacated the May 5, 2022 findings and recommendation and recommended that the motion to dismiss be denied as moot. (ECF No. 36.) On September 15, 2022, the district judge adopted the findings and recommendation and denied the motion to dismiss as moot. (ECF No. 40.)

Meanwhile, on May 10, 2022, Petitioner informed the Court that he is now in the custody of the Madera County Jail and moved to substitute Madera County Sheriff Tyson J. Pogue as Respondent. (ECF No. 29.) On May 13, 2022, the Court ordered that Tyson J. Pogue be substituted as Respondent in this matter. (ECF No. 33.)

**II.**

**DISCUSSION**

Rule 4 of the Rules Governing Section 2254 Cases ("Habeas Rules") require preliminary review of a habeas petition and allow a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

In the § 2254 form itself, Petitioner states that "this case involves loss of credit and civil rights violations and federal crimes" and sets forth vague and conclusory allegations regarding the California Department of Corrections and Rehabilitation ("CDCR") covering up Petitioner's torture and abuse. (ECF No. 37 at 5–7.) Petitioner states that "this amended petition is adding more information and facts to the original complaint." (Id. at 6.) Attached to the SAP are multiple declarations prepared by Petitioner on various dates between January 6, 2021, to November 28, 2021, containing additional allegations. (Id. at 64–92.) Petitioner alleges that he was attacked by a sergeant and others on April 17, 2020, and May 6, 2020, and a correctional officer at KVSP hit Petitioner on the head a few times with closed fists and slammed Petitioner's left arm on the cell bars on May 9, 2021. (Id. at 64, 70.) Petitioner also alleges that he has been subjected to false claims and false rules violations reports. (Id. at 65.) Petitioner further alleges he has been starved, beaten, abused, harassed, threatened, sexually assaulted, denied medicine and medical treatment, denied access to the court and law library, refused legal copies and legal mail, and that privileged and legal mail routinely have been opened outside his presence. (Id. at 64–92.) Petitioner complains about the conditions of his cell, clothing, and blankets. (Id. at 70, 79, 90.)

**A. Habeas Jurisdiction**

A claim falls within the "core of habeas corpus" when a prisoner challenges "the fact or duration of his confinement" and "seeks either immediate release from that confinement or the shortening of its duration." Preiser v. Rodriguez, 411 U.S. 475, 489 (1973). The Ninth Circuit has adopted a rule that a "state prisoner's claim [that] does not lie at 'the core of habeas corpus' . . . must be brought, 'if at all,' under § 1983." Nettles v. Grounds, 830 F.3d 922, 934 (9th Cir. 2016) (en banc) (quoting Preiser, 411 U.S. at 487; Skinner v. Switzer, 562 U.S. 521, 535 n.13 (2011)). Therefore, if "success on [Petitioner]'s claims would not necessarily lead to his immediate or earlier release from confinement, [Petitioner]'s claim does not fall within 'the core of habeas corpus,' and he must instead bring his claim under § 1983." Nettles, 830 F.3d at 935 (quoting Skinner, 562 U.S. at 535 n.13).

///

The Ninth Circuit has "long held that prisoners may not challenge mere conditions of confinement in habeas corpus." Nettles, 830 F.3d at 933 (citing Crawford v. Bell, 599 F.2d 890, 891–92 (9th Cir. 1979)). Apart from any challenge to rules violation reports that resulted in the loss of credits, which is further addressed in section II(B), *infra*, Petitioner's allegations concern his conditions of confinement and thus are not cognizable in federal habeas corpus.

**B. Mootness**

Article III of the United States Constitution limits the jurisdiction of federal courts to "actual, ongoing cases or controversies." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings," which "means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" Spencer v. Kemna, 523 U.S. 1, 7 (1998) (quoting Lewis, 494 U.S. at 477). Therefore, once a "convict's sentence has expired . . . some concrete and continuing injury other than the now-ended incarceration or parole—some 'collateral consequence' of the conviction—must exist if the suit is to be maintained." Spencer, 523 U.S. at 7. Courts "have been willing to presume that a wrongful criminal conviction has continuing collateral consequences," id. at 8, but the Ninth Circuit has "decline[d] to apply the presumption of collateral consequences to prison disciplinary proceedings," Wilson v. Terhune, 319 F.3d 477, 481 (9th Cir. 2003).

In Nonnette v. Small, 316 F.3d 872 (9th Cir. 2002), a prisoner brought a civil rights action pursuant to 42 U.S.C. § 1983 challenging a disciplinary proceeding that resulted in the revocation of 360 days of good-time credits and 100 days of administrative segregation. The district court held that Heck v. Humphrey, 512 U.S. 477 (1994), precluded the prisoner from maintaining his § 1983 action because his claims necessarily challenged the validity of the disciplinary proceeding, which had not been set aside. Nonnette, 316 F.3d at 874. At the time of the appeal, Nonnette had been released from incarceration and was on parole. Because no collateral consequences attended Nonnette's deprivation of good-time credits, the Ninth Circuit found "that if he now filed a petition for habeas corpus attacking the revocation of his good-time credits and the imposition of administrative segregation . . . , his petition would have to be

dismissed for lack of a case or controversy because he has fully served the period of incarceration that he is attacking." Nonnette, 316 F.3d at 876. The Ninth Circuit therefore concluded that "in these circumstances, a § 1983 claim may be maintained." Id.

To the extent that Petitioner challenges any rules violation reports that resulted in the loss of credits,[2] it appears that the SAP presents no case or controversy and is now moot because Petitioner has been released from CDCR custody and invalidation of any disciplinary proceedings would have no effect on Petitioner's present custody in Madera County Jail. However, based on the record before the Court, it is not entirely clear whether Petitioner has fully served the period of incarceration the SAP attacks. Accordingly, Petitioner must inform the Court: (1) whether he has fully served the period of incarceration for his Los Angeles Superior Court conviction for a violation of California Penal Code section 422 in case MA 076747 for which Petitioner was sentenced to three years imprisonment in November 2019; and (2) whether there are collateral consequences from any disciplinary proceedings he challenges in the SAP.

## III.

## ORDER

Accordingly, Petitioner is hereby ORDERED to SHOW CAUSE within **THIRTY (30) days** from the date of service of this order why the SAP should not be dismissed as moot.

Petitioner is forewarned that failure to follow this order may result in a recommendation for dismissal of the petition pursuant to Federal Rule of Civil Procedure 41(b) (a petitioner's failure to prosecute or to comply with a court order may result in a dismissal of the action).

IT IS SO ORDERED.

Dated:   **November 10, 2022**

UNITED STATES MAGISTRATE JUDGE

---

[2] The SAP states that "this case involves loss of credit," and in his declaration Petitioner alleges that he has been subjected to false claims and held for rules violations reports for offenses he did not commit. (ECF No. 37 at 7, 65.) However, other than these conclusory statements, Petitioner does not identify the false claims and the false rules violations reports and has not provided any factual allegations to support a claim that any prison disciplinary proceeding violated due process.