# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JARED ANDREW MARTIN,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>CHRISTIAN PFEIFFER,<br><br>　　　　Respondent. | Case No. 1:21-cv-01622-ADA-SAB-HC<br><br>ORDER DENYING MOTION FOR SUBPOENA<br><br>(ECF No. 38) |

Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner has moved to subpoena the California Department of Corrections and Rehabilitation's custodian of records for Petitioner's "complete central file, medical record and internal affairs investigation reports and recordings." (ECF No. 38 at 2.) Although discovery is available pursuant to Rule 6 of the Rules Governing Section 2254 Cases, it is only granted at the Court's discretion, and upon a showing of good cause. Bracy v. Gramley, 520 U.S. 899, 904 (1997); McDaniel v. U.S. District Court (Jones), 127 F.3d 886, 888 (9th Cir. 1997); Jones v. Wood, 114 F.3d 1002, 1009 (9th Cir. 1997); Rule 6(a), Rules Governing Section 2254 Cases. Good cause is shown "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." Bracy, 520 U.S. at 908–09 (citing Harris v. Nelson, 394 U.S. 287 (1969)). If good cause

is shown, the extent and scope of discovery is within the court's discretion. See Rule 6(a), Rules Governing Section 2254 Cases. "[A] district court abuse[s] its discretion in not ordering Rule 6(a) discovery when discovery [i]s 'essential' for the habeas petitioner to 'develop fully' his underlying claim." Smith v. Mahoney, 611 F.3d 978, 997 (9th Cir. 2010) (alterations in original) (internal quotation marks omitted) (quoting Pham v. Terhune, 400 F.3d 740, 743 (9th Cir. 2005)).

The Court notes that it recently issued an order for Petitioner to show cause why the second amended petition should not be dismissed as moot. (ECF No. 41.) At this point in the proceedings, Petitioner has not demonstrated good cause for discovery—there are not "specific allegations before the court show[ing] reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." Bracy, 520 U.S. at 908–09.

Accordingly, IT IS HEREBY ORDERED that Petitioner's motion for subpoena (ECF No. 38) is DENIED.

IT IS SO ORDERED.

Dated:   **November 14, 2022**

UNITED STATES MAGISTRATE JUDGE

2