# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JARED ANDREW MARTIN,<br><br>    Petitioner,<br><br>    v.<br><br>TYSON J. POGUE,<br><br>    Respondent. | Case No. 1:21-cv-01622-ADA-SAB-HC<br><br>FINDINGS AND RECOMMENDATION TO DISMISS SECOND AMENDED PETITION FOR WRIT OF HABEAS CORPUS<br><br>(ECF No. 37) |

Petitioner is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## I.

## BACKGROUND

On November 5, 2021, Petitioner filed a petition for writ of habeas corpus asserting various conditions of confinement claims and challenging rules violations reports that resulted in the loss of good time credits. (ECF No. 1.) At that time, Petitioner was incarcerated at Kern Valley State Prison ("KVSP") and named the warden of KVSP, Christian Pfeiffer ("Warden Pfeiffer"), as Respondent. (ECF No. 1 at 1.)[1] On November 17, 2021, the Court granted Petitioner leave to file an amended petition. (ECF No. 5.) On November 29, 2021, Petitioner filed a first amended petition ("FAP") alleging that on April 17 and May 6, 2020, correctional

---

[1] Page numbers refer to ECF page numbers stamped at the top of the page.

1

1  officers beat Petitioner and falsely accused him of attacking them, which resulted in credit loss.
2  Petitioner alleged that he was denied due process and not treated fairly, witnesses to the May 6,
3  2020 incident were not allowed to speak on his behalf, and no one told him about the hearing
4  process. (ECF No. 8.)

5  On February 9, 2022, Warden Pfeiffer moved to dismiss the FAP because the allegations
6  were too vague and conclusory to state a claim, or alternatively, moved for a more definite
7  statement pursuant to Federal Rule of Civil Procedure 12(e). (ECF No. 21.) On February 22,
8  2022, the Court received Petitioner's second amended petition ("SAP"), and on February 24,
9  2022, Petitioner filed an opposition to the motion to dismiss. (ECF Nos. 22, 23.)

10  On May 5, 2022, the Court issued findings and recommendation to deny the motion to
11  dismiss and motion for more definite statement. (ECF No. 28.) As it was unclear whether
12  Petitioner wished to proceed with the FAP, SAP, or to further amend his petition, the Court
13  ordered Petitioner to notify the Court regarding how he intended to proceed. (ECF No. 28 at 4–
14  5.) On May 12, 2022, Petitioner informed the Court that he intends to proceed with the SAP.
15  (ECF No. 32.) As the motion to dismiss and for more definite statement targeted the FAP, which
16  was no longer in effect, the motion to dismiss was moot. Accordingly, the Court vacated the May
17  5, 2022 findings and recommendation and recommended that the motion to dismiss be denied as
18  moot. (ECF No. 36.)

19  On May 10, 2022, Petitioner informed the Court that he is now in the custody of the
20  Madera County Jail and moved to substitute Madera County Sheriff Tyson J. Pogue as
21  Respondent. (ECF No. 29.) On May 13, 2022, the Court ordered that Tyson J. Pogue be
22  substituted as Respondent in this matter. (ECF No. 33.)

23  On September 15, 2022, the district judge adopted the findings and recommendation and
24  denied the motion to dismiss as moot. (ECF No. 40.) On November 14, 2022, the Court ordered
25  Petitioner to show cause why the SAP should not be dismissed as moot. (ECF No. 41.) On
26  November 17, 2022, Petitioner filed his response. (ECF No. 42.)

27  ///
28  ///

## II.

## DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases ("Habeas Rules") require preliminary review of a habeas petition and allow a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

The SAP states that the conviction on which the SAP is based is a Los Angeles Superior Court conviction for a violation of California Penal Code section 422 in case MA076747 for which Petitioner was sentenced to three years imprisonment in November 2019. (ECF No. 37 at 2.) In the § 2254 form itself, Petitioner states that "this case involves loss of credit and civil rights violations and federal crimes" and sets forth vague and conclusory allegations regarding the California Department of Corrections and Rehabilitation ("CDCR") covering up Petitioner's torture and abuse. (Id. at 5–7.) Petitioner states that "this amended petition is adding more information and facts to the original complaint." (Id. at 6.) Attached to the SAP are multiple declarations prepared by Petitioner on various dates between January 6, 2021, to November 28, 2021, containing additional allegations. (Id. at 64–92.) Petitioner alleges that he was attacked by a sergeant and others on April 17, 2020, and May 6, 2020, and a correctional officer at KVSP hit Petitioner on the head a few times with closed fists and slammed Petitioner's left arm on the cell bars on May 9, 2021. (Id. at 64, 70.) Petitioner also alleges that he has been subjected to false claims and false rules violations reports. (Id. at 65.) Petitioner further alleges he has been starved, beaten, abused, harassed, threatened, sexually assaulted, denied medicine and medical treatment, denied access to the court and law library, refused legal copies and legal mail, and that privileged and legal mail routinely have been opened outside his presence. (Id. at 64–92.) Petitioner complains about the conditions of his cell, clothing, and blankets. (Id. at 70, 79, 90.)

**A. Habeas Jurisdiction and Conditions of Confinement**

A claim falls within the "core of habeas corpus" when a prisoner challenges "the fact or duration of his confinement" and "seeks either immediate release from that confinement or the

3

shortening of its duration." Preiser v. Rodriguez, 411 U.S. 475, 489 (1973). The Ninth Circuit has adopted a rule that a "state prisoner's claim [that] does not lie at 'the core of habeas corpus' . . . must be brought, 'if at all,' under § 1983." Nettles v. Grounds, 830 F.3d 922, 934 (9th Cir. 2016) (en banc) (quoting Preiser, 411 U.S. at 487; Skinner v. Switzer, 562 U.S. 521, 535 n.13 (2011)). Therefore, if "success on [Petitioner]'s claims would not necessarily lead to his immediate or earlier release from confinement, [Petitioner]'s claim does not fall within 'the core of habeas corpus,' and he must instead bring his claim under § 1983." Nettles, 830 F.3d at 935 (quoting Skinner, 562 U.S. at 535 n.13).

The Ninth Circuit has "long held that prisoners may not challenge mere conditions of confinement in habeas corpus." Nettles, 830 F.3d at 933 (citing Crawford v. Bell, 599 F.2d 890, 891–92 (9th Cir. 1979)). Apart from any challenge to rules violation reports that resulted in the loss of credits, which is further addressed below, Petitioner's allegations concern his conditions of confinement and thus are not cognizable in federal habeas corpus.[2]

**B. Mootness**

Article III of the United States Constitution limits the jurisdiction of federal courts to "actual, ongoing cases or controversies." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings," which "means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" Spencer v. Kemna, 523 U.S. 1, 7 (1998) (quoting Lewis, 494 U.S. at 477). Therefore, once a "convict's sentence has expired . . . some concrete and continuing

---

[2] "If the complaint is amenable to conversion on its face, meaning that it names the correct defendants and seeks the correct relief, the court may recharacterize the petition so long as it warns the *pro se* litigant of the consequences of the conversion and provides an opportunity for the litigant to withdraw or amend his or her complaint." Nettles, 830 F.3d at 936 (quoting Glaus v. Anderson, 408 F.3d 382, 388 (7th Cir. 2005)). The Court notes, however, that habeas corpus and prisoner civil rights actions differ in a variety of respects, such as the proper defendants, filing fees, exhaustion requirements, and restrictions on future filings (e.g., the Prison Litigation Reform Act's three-strikes rule). Nettles, 830 F.3d at 936 (citing Robinson v. Sherrod, 631 F.3d 839, 841 (7th Cir. 2011); Glaus, 408 F.3d at 388). In addition to the instant federal habeas petition, Petitioner informs the Court that he "now has four 1983 lawsuits that have passed screening in the Eastern District Court involving these very same correctional officers from the California Department of Corrections and Rehabilitation and the very same incidents[.]" (ECF No. 37 at 2.) Accordingly, the Court finds that it would be inappropriate to construe the instant federal habeas petition as a civil rights complaint under 42 U.S.C. § 1983 given that conversion would result in a duplicative action.

1 injury other than the now-ended incarceration or parole—some 'collateral consequence' of the
2 conviction—must exist if the suit is to be maintained." Spencer, 523 U.S. at 7. Courts "have been
3 willing to presume that a wrongful criminal conviction has continuing collateral consequences,"
4 id. at 8, but the Ninth Circuit has "decline[d] to apply the presumption of collateral consequences
5 to prison disciplinary proceedings," Wilson v. Terhune, 319 F.3d 477, 481 (9th Cir. 2003).

6     In Nonnette v. Small, 316 F.3d 872 (9th Cir. 2002), a prisoner brought a civil rights
7 action pursuant to 42 U.S.C. § 1983 challenging a disciplinary proceeding that resulted in the
8 revocation of 360 days of good-time credits and 100 days of administrative segregation. The
9 district court held that Heck v. Humphrey, 512 U.S. 477 (1994), precluded the prisoner from
10 maintaining his § 1983 action because his claims necessarily challenged the validity of the
11 disciplinary proceeding, which had not been set aside. Nonnette, 316 F.3d at 874. At the time of
12 the appeal, Nonnette had been released from incarceration and was on parole. Because no
13 collateral consequences attended Nonnette's deprivation of good-time credits, the Ninth Circuit
14 found "that if he now filed a petition for habeas corpus attacking the revocation of his good-time
15 credits and the imposition of administrative segregation . . . , his petition would have to be
16 dismissed for lack of a case or controversy because he has fully served the period of
17 incarceration that he is attacking." Nonnette, 316 F.3d at 876. The Ninth Circuit therefore
18 concluded that "in these circumstances, a § 1983 claim may be maintained." Id.

19     The SAP states that the conviction on which the SAP is based is a Los Angeles Superior
20 Court conviction for a violation of California Penal Code section 422 in case MA076747 for
21 which Petitioner was sentenced to three years imprisonment in November 2019. (ECF No. 37 at
22 2.) In his response to the order to show cause, Petitioner informs the Court that he "is currently in
23 Madera County Jail as a result of the false rules violations report," which was submitted to the
24 Madera County District Attorney and resulted in criminal charges. (ECF No. 41 at 1.) Petitioner
25 states that he was paroled on case MA076747, but he argues that his petition is not moot because
26 he is "still incarcerated as a result of the lies, perjury and credit loss." (Id.)
27 ///
28 ///

1    To the extent the SAP challenges disciplinary proceedings where the underlying conduct
2 is not implicated in Petitioner's current criminal charges in Madera County,[3] the Court finds that
3 the SAP is moot because Petitioner has fully served the period of incarceration that he is
4 attacking in the SAP and he has not established any continuing collateral consequences.

**C. Abstention**

6    To the extent Petitioner seeks immediate release from custody and challenges
7 disciplinary proceedings where the underlying conduct is implicated in Petitioner's current
8 criminal charges in Madera County, and assuming (without deciding) that the Madera County
9 criminal charges constitute continuing collateral consequences, the Court finds that abstention is
10 appropriate.

11    In Younger v. Harris, 401 U.S. 37 (1971), the Supreme Court held that when there is a
12 pending state criminal proceeding, federal courts must refrain from enjoining the state
13 prosecution absent extraordinary circumstances. 401 U.S. at 45. See also Kowalski v. Tesmer,
14 543 U.S. 125, 133 (2004) ("The doctrine of Younger v. Harris . . . reinforces our federal scheme
15 by preventing a state criminal defendant from asserting ancillary challenges to ongoing state
16 criminal procedures in federal court."). "Younger abstention is a jurisprudential doctrine rooted
17 in overlapping principles of equity, comity, and federalism." San Jose Silicon Valley Chamber of
18 Commerce Political Action Comm. v. City of San Jose, 546 F.3d 1087, 1091 (9th Cir. 2008).
19 Younger abstention is appropriate when: "(1) there is 'an ongoing state judicial proceeding'; (2)
20 the proceeding 'implicate[s] important state interests'; (3) there is 'an adequate opportunity in
21 the state proceedings to raise constitutional challenges'; and (4) the requested relief 'seek[s] to
22 enjoin' or has 'the practical effect of enjoining' the ongoing state judicial proceeding." Arevalo
23 v. Hennessy, 882 F.3d 763, 765 (9th Cir. 2018) (alterations in original) (quoting ReadyLink
24 Healthcare, Inc. v. State Comp. Ins. Fund, 754 F.3d 754, 758 (9th Cir. 2014)). "But even where

---

[3] The SAP states that "this case involves loss of credit," and in his declaration Petitioner alleges that he has been subjected to false claims and held for rules violations reports for offenses he did not commit. (ECF No. 37 at 7, 65.) However, other than these conclusory statements, Petitioner does not identify the allegedly false claims and rules violations reports and has not provided any factual allegations to support a claim that any prison disciplinary proceeding violated due process. Therefore, the SAP is also subject to dismissal for failure to state a cognizable claim for federal habeas relief.

1  the Younger factors are satisfied, 'federal courts do not invoke it if there is a showing of bad
2  faith, harassment, or some other extraordinary circumstance that would make abstention
3  inappropriate,'" such as "where the danger of irreparable loss is both great and immediate." Bean
4  v. Matteucci, 986 F.3d 1128, 1133 (9th Cir. 2021) (some internal quotation marks omitted) (first
5  quoting Arevalo, 882 F.3d at 765–66; then quoting World Famous Drinking Emporium, Inc. v.
6  City of Tempe, 820 F.2d 1079, 1082 (9th Cir. 1987)).

7       The instant matter satisfies the four Younger factors: (1) there is an ongoing criminal
8  prosecution in state court; (2) state criminal proceedings implicate important state interests; (3)
9  Petitioner has an adequate opportunity in his state criminal proceedings to raise constitutional
10 challenges; and (4) Petitioner's requested relief of setting aside the findings of the disciplinary
11 proceedings where the underlying conduct is implicated in Petitioner's current criminal charges
12 and immediate release from custody would have the practical effect of enjoining Petitioner's
13 ongoing state criminal proceeding.

14      Additionally, Petitioner has not established that he falls within one of the exceptions.
15 "Only in cases of proven harassment or prosecutions undertaken by state officials in bad faith
16 without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances
17 where irreparable injury can be shown is federal injunctive relief against pending state
18 prosecutions appropriate." Perez v. Ledesma, 401 U.S. 82, 85 (1971). Petitioner's conclusory
19 and unsupported allegations fall well short of proving that the Madera County prosecution is
20 being undertaken in bad faith without hope of obtaining a valid conviction or for purposes of
21 harassment. See Juidice v. Vail, 430 U.S. 327, 338 (1977) (noting that bad faith or harassment
22 exception to Younger "may not be utilized unless it is alleged and proved" that ongoing state
23 judicial proceedings are undertaken "in bad faith or are motivated by a desire to harass" and
24 holding that exception did not apply because "[t]here are neither allegations, proof, nor findings
25 to that effect here"). Petitioner also has not demonstrated that he would be subjected to
26 irreparable injury. See Bean, 986 F.3d at 1133–36 (the Ninth Circuit has applied the irreparable
27 harm exception to pre-conviction habeas petitions involving a colorable claim that a state
28 prosecution would violate the Double Jeopardy Clause, a due process challenge to pretrial

detention in the context of a state civil sexually violent predator proceeding, and a due process challenge to the forcible administration of antipsychotic medications).

### III.

### RECOMMENDATION

Based on the foregoing, the Court HEREBY RECOMMENDS that Petitioner's second amended petition (ECF No. 37) be DISMISSED as MOOT, pursuant to Younger v. Harris, 401 U.S. 37 (1971), and for failure to state a cognizable federal habeas claim.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, Petitioner may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **February 17, 2023**

UNITED STATES MAGISTRATE JUDGE

8